UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LUIS ORTIZ, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent )  | 2:19-cr-00023-NT-1 |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 129.) Following a guilty plea, Petitioner was convicted of conspiracy to distribute heroin and fentanyl and possession with intent to distribute heroin and fentanyl; the Court sentenced Petitioner to 160 months in prison. (Judgment, ECF No. 115.)

Petitioner contends his attorney provided ineffective assistance of counsel because he failed to negotiate a plea deal and to contest certain guideline sentencing enhancements. (Motion at 4–10.) The Government requests dismissal. (Response, ECF No. 133.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, deny Petitioner's request for relief, and dismiss Petitioner's motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In February 2019, Petitioner was indicted on one count of conspiring to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 846 and 841(a)(1) and one count of

possession with intent to distribute heroin and fentanyl in violation of 21 U.S.C. § 841(a)(1).  (Revised Presentence Investigation Report ¶¶ 6–7 (PSR); Indictment, ECF No. 49.)  Pursuant to a search warrant obtained after Petitioner's arrest in December 2018, law enforcement searched Petitioner's mobile phone and discovered text messages and other evidence of prior drug distribution transactions throughout 2018. (PSR ¶¶ 8–9.)  In May 2019, Petitioner pled guilty to the charges.  (Change of Plea Hearing, ECF No. 81.)

After reviewing the evidence regarding the quantity of controlled substances, including the evidence included in the messages on the phone, the United States Probation Office calculated a base offense level of thirty-four.  (PSR ¶ 15.)  The Probation Office also relied on the U.S.S.G. § 2D1.1(b)(1) two-level firearm enhancement, the § 3B1.1(a) four-level enhancement for organizing or leading the criminal activity, and the §3E1.1 three-level reductions for accepting responsibility and pleading guilty.  (*Id.* ¶¶ 16, 18, 22, 23.)  Petitioner's criminal history score was fourteen, but because Petitioner committed part of the offense while on probation for a prior offense, his criminal history score was enhanced to sixteen pursuant to § 4A1.1(d).  (*Id.* ¶ 40.)  Based on the total offense level and criminal history score, the Probation Office calculated a guideline sentencing range of 360 months to 960 months imprisonment.  (PSR ¶¶ 65–66.)

At sentencing in December 2019, the Court agreed with the Probation Office regarding the drug quantity, the acceptance of responsibility reductions, and the probation enhancement, but the Court applied a three-point organizer enhancement pursuant to the parties' negotiations rather than the original four-point enhancement, and the Court did not apply the firearm enhancement.  (Sentencing Transcript at 4, 13–14, ECF No. 128.)  The

Court calculated a guideline sentencing range of 262 to 327 months but sentenced Petitioner to 160 months of imprisonment. (*Id.* at 27; Judgment, ECF No. 115.) Petitioner did not file an appeal.

## DISCUSSION

**A.     Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002).

"[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence."  *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense.  *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010).  The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*."  *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim.  *Id.* at 697.  If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail."  *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

### B. Failure to Negotiate a Plea Agreement

Petitioner argues his attorney provided ineffective assistance because he failed to negotiate a plea agreement that would have insulated Petitioner from a high guideline sentencing range. (Motion at 4–5.) Petitioner does not provide any evidence that the Government would have offered such a plea agreement. The Government asserts that counsel did inquire about a plea agreement, but the Government was not amenable to one. Even if counsel had been able to negotiate a more favorable plea agreement, because the Court imposed a sentence well below the bottom of the guideline range, Petitioner has not established a likelihood that the agreement would have ultimately led to a lower sentence. Plaintiff, therefore, cannot show deficient performance or prejudice from his attorney's decisions regarding a hypothetical plea agreement.

### C. Failure to Challenge Guideline Enhancements

Petitioner argues that his attorney provided ineffective assistance by declining to challenge the guideline calculations regarding the drug quantity, the management enhancement, and the probation enhancement. (Motion at 5–10.)[1] The underlying basis

---

[1] To the extent Petitioner intended to assert standalone claims based on the guideline issues, the arguments are procedurally barred because Petitioner failed to raise them on direct appeal. *Berthoff*, 308 F.3d at 127–28. The only potential cause to excuse the procedural default that is evident within Petitioner's motion would be a claim of ineffective assistance of counsel, which claim, as explained herein, lacks record support. Furthermore, freestanding claims that the advisory sentencing guidelines were misapplied may not be cognizable on collateral attack, *see Knight v. United States*, 37 F.3d 769, 773 (1st Cir.1994), but even if such claims are permitted, a petitioner presenting a "non-constitutional, non-jurisdictional claim" must clear a high bar by showing that "the claimed error of law is a fundamental defect which inherently results in a complete miscarriage of justice" and that the situation "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Damon v. United States*, 732 F.3d 1, 3 (1st Cir. 2013) (quotation omitted). Petitioner has cited no record evidence to suggest he could meet the requirements for such a claim. Accordingly, even if Petitioner had not procedurally defaulted any standalone guideline claim, he could not prevail on a standalone guideline claim.

for Petitioner's argument is the fact that the guideline determinations were not made based on Petitioner's conduct during the controlled buy that preceded his arrest or the quantity of drugs he possessed at that time, but the determinations were instead primarily based on the text messages discovered on Petitioner's mobile phone. Petitioner asserts that because the Court sustained his attorney's challenge to and declined to apply the firearm enhancement, the Court implicitly concluded that "the pictures and texts could not prove that [he] possessed the firearm," (*id.* at 10), and the mobile phone evidence "could not substantiate a gun enhancement." (*Id.* at 5.) According to Petitioner, therefore, the Court might not have relied on the mobile phone evidence to support the other guideline determinations, including certain enhancements and relevant conduct, if his attorney had challenged the other determinations.

     Petitioner has failed to cite any record evidence that would generate any question about the validity of the mobile phone evidence. In fact, he has not argued that the phone belonged to someone else or that someone else sent the messages. Petitioner's attorney, therefore, reasonably declined to question whether the text messages and photographs were competent evidence at sentencing, as Petitioner now asserts. The evidence regarding the firearm enhancement, however, was susceptible to a challenge. Because Petitioner did not have a gun during the transaction that led to his arrest, counsel reasonably argued that the text messages and photographs of a gun did not clearly establish possession and a sufficient nexus between the crime and the gun depicted in Petitioner's photographs. (Sentencing Transcript at 9–13.) The Court declined to apply the firearm enhancement in part because the issue was "close" and because the guideline range was significant even without the

7

enhancement. (*Id.* at 13.) The same arguments and reasoning would not apply to the drug evidence on the phone. Petitioner's contention that counsel was ineffective because he did not challenge other guideline determinations that were based at least in part on the evidence derived from his phone is unsupported by the record and otherwise unpersuasive.[2]

Furthermore, because the Court ultimately imposed a sentence well below the low end of the guideline range, Petitioner cannot demonstrate any prejudice as the result of counsel's strategic decision not to challenge the other guideline determinations. Because Petitioner has not established deficient performance or prejudice regarding the guideline issues, his ineffective assistance claim fails.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255 and dismiss Petitioner's motion. I further recommend that the Court deny a certificate of appealability pursuant to

---

[2] A challenge to the guideline determinations as Petitioner suggests arguably could have jeopardized Petitioner's three-point reductions for acceptance of responsibility and resulted in an even greater guideline sentencing range. *See* U.S.S.G. §3E1.1 Application Note 1(a). Regarding the enhancement for leadership, despite his attorney's successful efforts to reduce the enhancement from four points for leading or organizing the conspiracy to three points for supervising or managing participants in the conspiracy, Petitioner also argues that counsel was ineffective for not contesting the entire enhancement on the grounds that some of the text messages were somewhat ambiguous and there was only a single indicted coconspirator. (Motion at 7.) The arguments lack merit. *See e.g.*, *United States v. Sanchez*, 355 F. App'x 956, 960 (7th Cir. 2009) (counting co-defendants and unindicted co-conspirators based on other evidence for purposes of the enhancement); *United States v. Henley*, 360 F.3d 509, 517 (6th Cir. 2004) ("In order to apply a three-level enhancement under section 3B1.1(b), there need only be evidence to support a finding that the defendant was a manager or supervisor of at least one other participant in the criminal activity, and that the criminal activity involved five or more participants or was otherwise extensive").

Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of June, 2021.